# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEANINE L. JACKSON,

               Appellant,

v.

PATRICK S. LAYNG,

               Appellee.

Case No. 24-CV-1089-JPS

**ORDER**

    On August 26, 2024, Appellant Jeanine L. Jackson ("Jackson") filed a notice of appeal after Bankruptcy Judge Rachel M. Blise found Jackson to be in violation of 11 U.S.C. § 110 for providing bankruptcy preparer services in this district; permanently enjoined Jackson from acting as a bankruptcy petition preparer in this district; and ordered that Jackson pay a fine of $11,850 pursuant to 11 U.S.C. § 110(*l*)(4)(A). ECF No. 1; ECF No. 1-1 at 16–20. Jackson moves to appeal in forma pauperis. ECF No. 2.

    In her affidavit accompanying her motion for leave to appeal in forma pauperis, Jackson makes sworn statements regarding her income and expenses. *Id.* On the question of indigence, although Jackson need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding in forma pauperis "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Jackson avers that her average monthly income over the past twelve months is $1,397, and she expects that monthly income to increase to $1,997 next month. ECF No. 2 at 3. She recently became employed at "NW Wireless," and her gross monthly pay at that job is roughly $1,300. *Id.* She has negligible funds in cash and checking accounts. *Id.* at 4. She owns no real estate but owns a 2010 vehicle with an estimated value of $834. *Id.* She also attests to owning business inventory valued at $4,300. *Id.* at 5.

Jackson has two adult children for whom she provides several hundred dollars in monthly support. *Id.* at 5, 6, 8. Her monthly expenses total $1,766. *Id.* at 6.

The Court must conclude that in forma pauperis status is inappropriate for someone with several thousand dollars' worth of business inventory on hand. Given her access to such assets, the Court is unable to conclude that Jackson is among those IFP movants who would remain "without legal remedy" if denied in forma pauperis status. *Brewster*, 461 F.2d at 651. The Court believes based on Jackson's representations that an order requiring her to pay the filing fee would not deprive her of her ability to pay for the "necessities of life," particularly considering that she expects her income next month to exceed her expenses by several hundred dollars. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) ("[A]n affidavit is sufficient which states that one cannot because of [her] poverty pay . . . the costs . . . and still be able to provide [her]self and dependents with the necessities of life." (internal quotation marks omitted)).

The Court is also concerned—as it was last year when Jackson moved to appeal in forma pauperis from a prior bankruptcy case—that Jackson may not be undertaking this appeal in good faith. *See Jeanine L.*

Page 2 of 4
Case 2:24-cv-01089-JPS    Filed 09/13/24    Page 2 of 4    Document 3

*Jackson v. Off. of the U.S. Tr. et al.*, No. 23-CV-481-JPS, ECF No. 8 at 2–4 (E.D. Wis. May 22, 2023) (citing *Valente v. Donahue*, No. 04-C-50272, 2004 U.S. Dist. LEXIS 11789, at *1–2 (N.D. Ill. June 25, 2004) and *Kelsay v. Off. of Lawyer Regul.*, No. 06-C-992, 2006 U.S. Dist. LEXIS 72546 (E.D. Wis. Oct. 4, 2006)). As her "issues on appeal" in this matter, Jackson alleges that Judge Blise was biased against her, that they had "previous issues in the past," and that Judge Blise wrongfully refused to recuse herself. ECF No. 2 at 1–2. She has made these allegations before, and they were found to be unsubstantiated. No. 23-CV-481-JPS, ECF No. 8 at 2–4 ("Jackson alleges that . . . 'Judge . . . Blise was biased and treated [her] unfairly including but not limited to judicial misconduct.'. . . The Court can discern no merit in these claims and believes they are frivolous."). She has a troubling litigation history and is on the heels of the expiration of a year-long voluntary bankruptcy petition filing ban that Judge Blise imposed last year and which, apparently, did not deter similar bankruptcy-related misconduct. *Id.* at 3–4. Given her history of frivolous bankruptcy filings and other sanctionable conduct, plus her recitation of the same basis for appellate relief that the Court has rejected in the past, the Court is extremely hesitant to conclude that Jackson seeks this appeal in good faith.

Given the foregoing, the Court will deny Jackson's motion for leave to appeal in forma pauperis and will order her to pay the required filing fee on or before **October 4, 2024**. Failure to timely do so will result in dismissal of this appeal without prejudice.

Accordingly,

**IT IS ORDERED** that Appellant Jeanine Jackson's motion to appeal in forma pauperis, ECF No. 2, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Appellant Jeanine Jackson shall **PAY** the required filing fee on or before **October 4, 2024**; failure to do so will result in dismissal of the appeal without prejudice.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge