# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEANINE L. JACKSON,

    Appellant,

v.

PATRICK S. LAYNG,

    Appellee.

Case No. 24-CV-1089-JPS

**ORDER**

  In August 2024, Appellant Jeanine L. Jackson ("Jackson") filed a notice of appeal after Bankruptcy Judge Rachel M. Blise found Jackson to be in violation of 11 U.S.C. § 110 for providing bankruptcy preparer services in this District; permanently enjoined Jackson from acting as a bankruptcy petition preparer in this district; and ordered that Jackson pay a fine of $11,850 pursuant to 11 U.S.C. § 110(*l*)(4)(A). ECF No. 1; ECF No. 1-1 at 16–20. Jackson moved for leave to proceed on appeal in forma pauperis. ECF No. 2.

  In September 2024, the Court denied the motion for leave to proceed in forma pauperis. ECF No. 3. The Court concluded "that in forma pauperis status [wa]s inappropriate for someone with several thousand dollars' worth of business inventory on hand," and further expressed concern that, in light of her "history of frivolous bankruptcy filings and other sanctionable conduct, plus her recitation of the same basis for appellate relief that the Court has rejected in the past," Jackson was "not . . . undertaking this appeal in good faith." *Id.* at 2–3. The Court accordingly

ordered Jackson to pay the required filing fee or otherwise risk dismissal of the appeal. *Id.* at 3.

Jackson now moves for the Court to recuse itself. ECF No. 6. She has also renewed her motion for leave to proceed on appeal in forma pauperis, or alternatively for an extension of time to pay the required filing fee. ECF No. 7.

The Court begins with Jackson's motion for recusal. ECF No. 6. As grounds for the motion, Jackson argues that the Court "scolded" her in a prior bankruptcy appeal and that it is "no[t] [a] coinc[iden]ce that this appeal" was assigned to this Court. *Id.* at 1. She claims that the Court "subliminally suggested" that the U.S. Trustees Office "ban Jackson from being a bankruptcy petition preparer," *id.*, and that the Court "doesn't want Jackson to proc[e]ed with this appeal because [it] is afraid that Jackson would expose [it]" and others in the judicial system, *id.* at 2. She also argues that federal judges "shouldn't be given lifetime appointments" and expresses concern that the Court will not give her "a fair chance" to appeal. *Id.*

28 U.S.C. § 455 provides that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). But to disqualify a judge under this provision, the party must prove bias "by compelling evidence" and "[t]he bias or prejudice must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (citing *Lac du Flambeau Indians v. Stop Treaty Abuse–Wis., Inc.*, 991 F.2d 1249, 1255 (7th

Cir. 1993) and quoting *United States v. Balistreri*, 779 F.2d 1191, 1201 (7th Cir. 1985)).

"[O]pinions formed by a judge about a litigant based on events occurring during proceedings are rarely a valid basis for a claim of bias or prejudice." *Mohammed v. Anderson*, 833 F. App'x 651, 654 (7th Cir. 2020) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). In that context, a judge's recusal is not required unless a ruling or opinion "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *In re City of Milwaukee*, 788 F.3d 717, 720 (7th Cir. 2015) (quoting *Liteky*, 510 U.S. at 555). Additionally, a judge's "ordinary efforts at courtroom administration" or docket management are "immune" from claims of bias or partiality. *Liteky*, 510 U.S. at 556.

Jackson has not demonstrated, let alone by "compelling evidence," that recusal is necessary or appropriate in this case. *Grove Fresh Distribs.*, 299 F.3d at 640 (citation omitted). She is concerned, based at least in part on the Court's adverse decision against her in a prior bankruptcy appeal, *see Jackson v. Off. of the U.S. Tr. et al.*, No. 23-CV-481-JPS, ECF No. 10 (E.D. Wis. May 22, 2023), that she will not receive a fair chance at appeal in this case, but "[j]udicial rulings alone almost never constitute a valid basis" for recusal. *Grove Fresh Distribs.*, 299 F.3d at 640 (quoting *Liteky*, 510 U.S. at 555); *see also Adkins v. Comm'r*, 875 F.2d 137, 142 (7th Cir. 1989) ("Bias cannot be inferred merely from adverse rulings . . . ." (citing *McLaughlin v. Union Oil Co. of Cal.*, 869 F.2d 1039, 1047 (7th Cir. 1989) and *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). She takes issue with having been previously "scolded," but "even a stern and short tempered judge's ordinary efforts at courtroom administration . . . remain immune." *Grove Fresh Distribs.*, 299 F.3d at 640 (quoting *Liteky*, 510 U.S. at 556). Her claims of bias are

unsubstantiated, and her concerns about the practice of lifetime appointment for federal judges is not specific to this Court. At bottom, Jackson disagrees with the Court's dismissal of her previous bankruptcy appeal, and she disagrees with the Court's denial in this case of her motion to proceed in forma pauperis. "[P]arties who disagree with a judge's assessment of their positions have many remedies and protections, but recusal is not one of them except in extreme cases, and this is not one." *In re City of Milwaukee*, 788 F.3d at 723; *see also Grove Fresh Distribs.*, 299 F.3d at 641 ("[J]udicial rulings are grounds for appeal, not recusal." (citing *Liteky*, 510 U.S. at 555 and *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)). The Court will accordingly deny Jackson's motion for recusal.

The Court next addresses Jackson's renewed motion for leave to proceed in forma pauperis or, alternatively, for an extension of time to pay the required fee. ECF No. 7. As grounds for the motion, Jackson argues that she "isn't bring[ing] a frivolous appeal in this matter" and that she is low on funds due to recent events. *Id.* at 1.[1] While Jackson may believe that her appeal is not frivolous, *id.*, the frivolity inquiry is an objective one, so Jackson's subjective assessment of her case is immaterial. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). The Court remains unconvinced—given its review of the underlying bankruptcy record, Jackson's repeated and unsubstantiated claims of bias against her, and the records of Jackson's previous meritless bankruptcy appeals—that her appeal does not seek to proffer objectively frivolous and baseless arguments. The Court will grant Jackson's motion only to the extent that it seeks an extension of time to pay

---

[1] The Court sympathizes with Jackson's financial difficulties. She does not suggest, however, that she no longer has the several thousand dollars' worth of business inventory that she previously represented having.

the required fee. Jackson shall pay the required fee by **December 2, 2024**. Failure to timely do so will result in dismissal of this appeal.

Accordingly,

**IT IS ORDERED** that Appellant Jeanine L. Jackson's motion for recusal, ECF No. 6, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Appellant Jeanine L. Jackson's renewed motion for leave to proceed in forma pauperis or, alternatively, for an extension of time to pay the required fee, ECF No. 7, be and the same is hereby **GRANTED in part and DENIED in part**; the motion is denied to the extent that it seeks in forma pauperis status but is granted to the extent that it seeks an extension of time; Jackson to **PAY** the required fee on or before **December 2, 2024**; failure to timely pay the required fee will result in the dismissal of this appeal.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge